**David M. Grey.**, Esq.  Bar #124793
david@greyslaw.com
GREY & GREY
2800 28th St., Suite 330
Santa Monica, CA 90405
310/444-1980   fax 310/444-1970

Attorneys for Plaintiff
B.F. by his Guardian ad litem,
Suzanne Michelle Francisco

## UNITIED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.F. by his Guardian Ad Litem Suzanne Michelle Francisco | Case No. |
| Plaintiff, | Complaint For Damages: |
| v. | 1. Violation of the ADA;<br>2. Violation of the Unruh Civil Right Act;<br>3. Violation of Section 504;<br>4. Breach of Duty of Due Care Arising Under Special Relationship<br>5. Negligence;<br>6. Assault;<br>7. Battery; and<br>8. Intentional Infliction of Emotional Distress |
| Oak Grove School District, Santa Clara County Office of Education, Jose Martin Manosa and Does 1-100, inclusive | |
| Defendants. | Demand for Jury Trial |

1. B.F., is a 14-year old severely disabled boy. He has an intellectual disability (formerly mental retardation) and autism. He is non-verbal, and until recently a happy child. His family learned that he was being physically abused at school. B.F. was kicked between the legs

while sitting in a chair by his teacher. His body snapped back forcefully and B.F. was visibly shaken from being kicked. The teacher then grabbed B.F. by the arm and a few minutes later hit him in the face.

2. The family learned of this abuse only after it happened. Another parent and an aide that worked in B.F.'s classroom told them that the teacher abused B.F and broke another student's collar bone. This was a class of severely disabled children who are non-verbal and not able to tell what happened.

## JURISDICTION

3. Jurisdiction of this court is invoked under 28 U.S.C. Sections 1331 and 1343 which affords original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Unruh Civil Rights Act.

## PARTIES

4. B.F. was a student with defendant Oak Grove School District (Oak Grove). He qualifies as an individual with a disability within the meaning of the Americans with Disabilities Act, (42 U.S.C. §12131 *et. seq*,)(ADA), Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794 (Section 504) and California's Unruh Act (Civil Code §51 et.

seq.)

5. Oak Grove, Santa Clara County Office of Education (Santa Clara) and Does 1-49 are public school districts and/or governmental subdivision of California, duly authorized and empowered to establish, maintain, operate and administer a system of public schools within the County of Santa Clara. Oak Gove, Santa Clara and Does 1-49 are business establishments under the Unruh Civil Rights Act and recipients of federal funds. They are collectively referred to herein as district defendants.

6. Defendants Jose Martin Manosa (Manosa) and Does 50-100 were employed with or supervised by Oak Grove, Santa Clara and/or Does 1-49 and served B.F as his classroom teacher or aide. As to all matters alleged herein, Manosa and Does 50-100 were acting within the course and scope of their employment with district defendants. Their duties included assisting and teaching B.F. while he was at school. Manosa and Does 50-100 were also responsible for keeping B.F. safe while at school. Manosa and Does 50-100 are referred to collectively herein as teacher defendants.

## GENERAL ALLEGATIONS

7. B.F. alleges that the true names, acts, liability and/or capacities of Defendant Does 1 through 100, inclusive, and each of them, are unknown to B.F. and he therefore sues Defendants by and with such fictitious names. B.F. is informed and believes and thereon alleges that each of the Defendants designated herein as a fictitiously named Doe is in some way, manner or form, and to some extent, responsible for the acts, events and happenings herein alleged and referred to, and that each of these Defendants, in some way, manner or form and to some extent, caused detriment, damage and injury to B.F. as hereinafter alleged. At such time that B.F. may ascertain the true names, acts, liability and/or capacities of such fictitiously named Defendants he will seek leave to amend the Complaint by setting forth the same, along with the appropriate charging allegations.

8. B.F. is informed and believes and upon such information and belief alleges that at all times mentioned herein, Defendants, and each of them, were the agents, servants, and/or employees of their co-defendants, were acting within the course, scope, purpose and authority of such agency and/or employment; that Defendants in doing the things alleged herein were the actual, apparent, implied or ostensible agents of the

4

remaining Defendants and acting within the course and scope of said agency and/or employment.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. This complaint seeks monetary damages for personal injuries suffered by B.F. and does not assert any claims under the Individuals with Disabilities Education Act (IDEA) nor does he request any relief that is also available under the IDEA. B.F. was pulled from school with defendants as of April 25, 2017 and is no longer a student with them. There is no meaningful relief that IDEA affords B.F. Use of IDEA procedures would be a futile waste of time and impair B.F.'s right to relief for the personal injuries and disability discrimination he suffered.

## GOVERNMENT CLAIM COMPLIANCE

10. Plaintiff presented timely government claims to Defendants. The claims were rejected and plaintiff has filed his complaint within the time allowed under the Government Code.

## FACTS

11. B.F. resided with his mother and father in San Jose, California and within the boundaries of defendant districts.

12. B.F. was physically and emotionally abused by his classroom teacher, Manosa, and Does 50-100 during the 2016/2017 school year. On November 8, 2017, B.F. was sitting with his classmates in a semi-circle, while Manosa was wandering around the classroom and reviewing cell phone messages with another adult. B.F. was busying himself in his chair, smiling, laughing, flapping his hands and scooting his chair forward while sitting down. These are all manifestation of B.F.'s disabilities.

13. Manosa sternly admonished B.F. for these actions. Moments later B.F. was kicked between the legs while sitting in his chair by Manosa. B.F.'s body snapped back forcefully and he was visibly shaken from being kicked. Manosa appeared agitated and angry with B.F. because his disabilities would not allow him to sit still in the semi-circle. B.F. put his hands up to his head to cover his ears and was no longer laughing.

14. A few minutes later Manosa grabbed B.F.'s arm and forcefully moved him. A few seconds later Manosa used his hand to strike B.F. about the face and neck. B.F.'s parents were never notified about these incidents and B.F. does not have the verbal ability to tell them what happened.

15. In March 2017 district defendants were notified that Manosa

had physically abused students in his class. District defendants were also shown video and still photographs of the November 8, 2017 incident where Manosa kicked, grabbed and hit B.F.

16. In March 2017, defendant district notified B.F.'s parents that Manosa was being transferred out of the class because he pushed a child, but they were not told that their son was one of the subjects of Manosa's abuse or of the November 8, 2017 incident. B.F.'s parent still had no knowledge about Manosa's physical abuse of the children in his classroom. The tone of the conversation was calculated to make B.F.'s parent's think their son was not a child abused by Manosa.

17. B.F.'s parents learned about Manosa's history of abuse and these incidents, for the first time, from another parent on April 24, 2017. Shortly thereafter, B.F.'s parents also spoke with the classroom aide. Unbeknownst to B.F.'s parents until then, Manosa had a history of physically abusing the children in B.F.'s class. B.F.'s parents did not return B.F. to defendant district after April 24, 2017.

18. The conduct of Defendants while acting under color of state law, deprived B.F. of rights, privileges and immunities secured by the Constitution of the United States, and by the Constitution of the State of California and by laws enacted thereunder, including substantive due

process rights under the 14th Amendment of the Constitution, rights under the 8th Amendment of the Constitution and rights to reasonable care, safety and protection of personal rights. The rights privileges and immunities of which B.F. was deprived include, but are not limited to: the right to reasonable safety while in the care of a public school, the right to not be subjected to cruel and unreasonable punishment in the form of physical and psychological abuse, the right to not be held up to public ridicule on the basis of B.F.'s disabilities and medical conditions and the right to be provided with adequate care.

FIRST CAUSE OF ACTION
Violation of the Americans with Disabilities Act
(Against District Defendants)

19. B.F. incorporates by reference paragraphs 1 through 18 of this complaint herein.

20. Title II of the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 35, governing state and local governmental entities, protect persons from discrimination by public entities on the basis of disability. The ADA prohibits the exclusion from participation in, or being subjected to discrimination by such entities.

21. The practices described above, including but not limited to,

subjecting B.F. to physical and emotional abuse violate the prohibition against discrimination on the basis of disability. Defendants engaged in intentional discrimination against B.F. based on his disability. The abuse occurred in response to B.F.'s disabilities. Moreover, defendants felt free to abuse B.F. because they knew his disabilities and those of his classmates prevented them from telling anyone what was going on in the classroom.

22. Intentional discrimination also includes deliberate indifference. Defendants were aware that B.F. had federally protected rights to be at school free from abuse because of his disabilities. Also, able-bodied school children are not subjected to the type of treatment B.F. had to suffer because they can speak and advocate for themselves. Defendants knew that there was a likelihood that B.F. would be harmed by the abuse. Defendants failed to act on this likelihood. This failure is particularly egregious because there is no plausible reason to treat B.F. as described herein.

23. Defendants violated the rights of B.F. under the ADA and the regulations promulgated thereunder by denying him the benefits of and participation in the services, programs and activities to which he is otherwise entitled to from Defendants on the basis of his being disabled.

Non-disabled children were not subjected to the type of abuse B.F. had to suffer. Defendants thought they could treat B.F. as they did because his disabilities did not allow him to communicate with words what was being done to him.

24. As a direct and proximate cause of Defendants' violation of the ADA, B.F. has suffered and continues to suffer severe and grievous physical, mental and emotional injury.

25. B.F. requests damages, in an amount to be determined at trial, for such actions under the ada, and reasonable attorney's fees.

<u>SECOND CAUSE OF ACTION</u>
Violation of the Unruh Civil Rights Act
(Against all Defendants)

26. B.F. incorporates by reference paragraphs 1 through 25 of this Complaint.

27. The Unruh Civil Rights Act (California Civil Code §51 *et seq*.), protects persons from discrimination on the basis of disability. The Unruh Civil Rights Act mandates that all persons are to be treated equally and entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of any kind regardless of disability. The Unruh Civil Rights Act prohibits the exclusion from

participation in, or being subjected to disability discrimination. A violation of the ADA is a per se violation of the Unruh Act.

28. Defendants deprived B.F. of his civil rights in violation of California Civil Code §51 *et. seq.* by physically and psychologically abusing him at school because he was disabled.

29. As a direct and proximate result of Defendants' violations of B.F.'s rights, as alleged herein, he incurred physical and emotional injury.

30. B.F. requests damages, in an amount to be determined at trial and as authorized under the Unruh Civil Rights Act.

THIRD CAUSE OF ACTION
(Violation of Section 504 of the Rehabilitation Act of 1973
Against District Defendants)

31. B.F. incorporates by reference paragraphs 1 through 30 of this Complaint herein.

32. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. (Section) 794 (Section 504), and the regulations promulgated there under, 34 C.F.R. Part 104, prohibit discrimination against persons with disabilities. Section 504 prohibits the exclusion from participation in, or being denied the benefits of, or being subjected to, discrimination under

Complaint and Demand for Jury Trial

any program or activity receiving federal financial assistance.

33. Defendants have violated the rights of B.F. under Section 504 and the regulations promulgated thereunder by denying him the benefits of receiving full and equal access to the public education programs and activities and discriminating against him because of his disability.

34. Defendants engaged in intentional discrimination against B.F. based on his disability as alleged in paragraphs. This discrimination, includes, but is not limited to Defendants physically and mentally abusing him as described in paragraphs 22-24.

35. B.F. requests damages, in an amount to be determined at trial, for such actions under the Act and reasonable attorney's fees.

## Fourth Cause Of Action
Breach of Duty of Due Care Arising Under Special Relationship
(Against all Defendants)

36. B.F. incorporates by reference paragraphs 1 through 35 of this Complaint.

37. During the 2016/2017 school year, Defendants accepted and assumed duties and responsibilities for the care, education and monitoring of B.F.

38. While attending school, B.F.'s parents' rights and duties to

provide immediate supervision, control, protection and care were suspended, and assumed by Defendants.

39. During the time B.F. attended school, his parents were prevented from providing immediate supervision, control, protection, or care, except as specifically authorized and/or permitted. During that time Defendants held the responsibility to select, train, obtain background investigations on, and ensure proper certification and qualification of individuals selected to serve B.F. Upon being entrusted with supervision, care and control of B.F., Defendants had the further responsibility to select and place B.F. with staff that were properly trained and qualified. As a result, B.F. detrimentally relied upon Defendants to fulfill their duties and responsibilities to provide for his safe attendance at school and prevent abuse, neglect and mistreatment.

40. A special relationship was thereby established between B.F. and each Defendant. As a result of the special relationship, Defendants had an affirmative duty to take steps reasonably necessary to ensure the health, safety and well-being of B.F. rather than engage in physical and psychological abuse of B.F.

41. Despite the existence of a special relationship between B.F. and Defendants, they breached their duty of due care under the special

13

relationship while in the scope of their agency or employment by engaging in abuse, mistreatment and failing to fulfill or perform their respective duties to control, monitor, care for, protect and prevent the abuse and mistreatment of B.F.

42. As a proximate result of the breach of duty of due care under the respective relationships created and existing between B.F. and Defendants, B.F. suffered injuries and damages as alleged herein. B.F. suffered physical and psychological abuse which could have been avoided in the exercise of due care.

43. As a direct and proximate result of Defendants' violations of B.F.'s rights, as alleged herein, he incurred physical and emotional injury.

44. As a proximate result of the acts and omissions of Defendants, and each of them, B.F. sustained general and special damages as alleged herein, in amounts within the jurisdictional limits of the court according to proof at trial.

FIFTH CAUSE OF ACTION
Negligence
(Against all Defendants)

45. B.F. incorporates by reference paragraphs 1 through 44 of this

Complaint herein.

46. During the 2016/2017 school year, B.F. was placed in the temporary custody, supervision, care and control of the Defendants for the purpose of providing education, care, supervision and control of B.F.'s health, welfare, safety and care. At such time, the immediate rights, duties and responsibilities of B.F.'s parents were suspended regarding the immediate care, supervision and control of B.F.'s health, welfare, safety and care. These duties and obligations were assumed by Defendants. B.F. relied upon Defendants with whom it contracted to provide such supervision and control over B.F.'s health, welfare, safety, care and thus created a special relationship between B.F. and Defendant.

47. B.F. alleges that Defendants violated non-delegable duties, including the duty to maintain a safe environment for B.F. and to protect his personal rights while attending public school by physically and emotionally abusing him as alleged herein.

48. At all times mentioned herein, Defendants breached their duties to B.F. by negligently and carelessly supervising and failing to supervise the care provided to B.F. and by negligently and carelessly supervising as well as failing to supervise their co-defendants, agents and employees as

required by the duties established under their respective relationships, applicable statutes, rules, regulations and terms and/or conditions of the contracts to provide educational services.

49. As a proximate result of the acts and omissions of Defendants, B.F. sustained injuries and damages as alleged herein in amounts to be proven at time of trial.

SIXTH CAUSE OF ACTION
Assault
(Against Teacher Defendants)

50. B.F. incorporates by reference paragraphs 1 through 49 of this Complaint herein.

51. The acts of Defendants in physically and emotionally abusing B.F. were done intentionally and made B.F. reasonably believe that he was about to be touched in a harmful or offensive manner.

52. B.F. did not consent to Defendants' conduct.

53. Defendants' conduct was a substantial factor in causing B.F. harm.

SEVENTH CAUSE OF ACTION
Battery
(Against Teacher Defendants)

54. B.F. incorporates by reference paragraphs 1 through 53 of this

Complaint herein.

55. Defendants touched B.F. with the intent to harm or offend him.

56. B.F. did not consent to be touched.

57. B.F. was harmed or offended by Defendants' conduct.

<u>EIGHTH CAUSE OF ACTION</u>
Intentional Infliction of Emotional Distress
(Against Teacher Defendants)

58. B.F. incorporates by reference paragraphs 1 through 57 of this Complaint herein.

59. During the 2016/2017 school year, as alleged herein, Defendants engaged in acts that were intended to cause and/or with the reckless disregard of causing B.F. to suffer severe emotional distress.

60. The conduct of the Defendants, as herein alleged, was outrageous and resulted in the infliction of severe emotional distress upon B.F.

61. Due to the wrongful and malicious acts of Defendants and of the severe emotional distress caused to B.F., B.F. suffered and will suffer disadvantage, personal injury, extreme mental anguish and pain to mind and body in a sum which shall be determined according to proof.

62. The conduct of Defendants was malicious, harassing and done

with a conscious disregard of the feelings and rights of B.F. B.F. is thereby entitled to an award of punitive damages in an amount according to proof.

PRAYER FOR RELIEF

WHEREFORE, B.F. prays that judgment be entered against the named defendants as follows:

1. General, special and punitive damages (against individual defendants only) according to proof;

2. Attorney fees per statute;

3. For the costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

March 28, 2018                                    GREY & GREY

                                                 By: S/David M. Grey
                                                 David M. Grey
                                                 Attorneys for Plaintiff

NB1:580689.1